1  **BRYAN CAVE LLP**
   Stacey L. Herter, California Bar No. 185366
2  Jesse E.M. Randolph, California Bar No. 221060
   1900 Main Street, Suite 700
3  Irvine, California 92614-7328
   Telephone:    (949) 223-7000
4  Facsimile:    (949) 223-7100
   stacey.herter@bryancave.com
5  jesse.randolph@bryancave.com

6  Attorneys For Defendant
   WESTIN BAY HOTEL REALTY LLC, erroneously sued as
7  Westin Hotel Company and Westin Bay Hotel Company

8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11

12

13  CONNIE ARNOLD,                        Case No. C07-03279 JCS

14              Plaintiff,

15        v.

16  WESTIN HOTEL COMPANY; WESTIN       **ANSWER TO COMPLAINT**
    BAY HOTEL COMPANY; and DOES 1-
17  25, Inclusive,

18              Defendants.

19

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

348833

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

Defendant Westin Bay Hotel Realty LLC ("Defendant"), erroneously sued as "Westin Hotel Company" and "Westin Bay Hotel Company," answers the Complaint ("Complaint") of Plaintiff Connie Arnold ("Plaintiff"), as follows:

1.     Answering Paragraph 1 of the Complaint, Defendant denies the allegations contained in this Paragraph, except Defendant admits that Plaintiff purports to bring this action on behalf of herself and other persons with disabilities whom she alleges have been denied full and equal access to the Westin Hotel San Francisco Airport.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this Paragraph that "Plaintiff Connie Arnold is a 'person with a disability' or 'physically handicapped person'," and therefore denies this allegation.  With respect to the remaining allegations contained in this Paragraph, Defendant denies that Plaintiff, or any other individual with an alleged disability whom Plaintiff purports to represent, is entitled to any relief in this action.

2.     Answering Paragraph 2 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required.  Defendant denies, however, that Plaintiff, or any other individual with an alleged disability whom Plaintiff purports to represent, is entitled to any relief in this action under either the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), California Government Code § 4450 et seq., California Health and Safety Code § 19955 et seq., California Civil Code §§ 51, 52, 54, 54.1, and/or 55, Title 24 of the California Code of Regulations, or any other similar statute or regulation.

3.     Answering Paragraph 3 of the Complaint, Defendant admits the allegations contained in this Paragraph.

4.     Answering Paragraph 4 of the Complaint, Defendant denies that either Westin Hotel Company or Westin Bay Hotel Company "are the owners, operators, lessors, and lessees of the business, property, building and/or portions thereof located at 1 Old Bayshore Highway, Millbrae, California."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this Paragraph that

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

348833

2

1  Plaintiff is physically disabled, and therefore denies that allegation. Defendant admits that
2  the Westin Hotel San Francisco Airport is a "public accommodation" under applicable
3  law. Defendant denies each of the remaining allegations contained in this Paragraph.

4  5.  Answering Paragraph 5 of the Complaint, the allegations in this Paragraph
5  constitute legal conclusions for which no response is required. To the extent a response is
6  deemed necessary, Defendant denies each such allegation.

7  6.  Answering Paragraph 6 of the Complaint, Defendant denies the allegations
8  contained in this Paragraph.

9  <u>ANSWER TO FIRST CLAIM FOR RELIEF</u>

10  7.  Answering Paragraph 7 of the Complaint, Defendant incorporates by
11  reference the admissions, denials, and assertions contained in Paragraphs 1 through 6 of
12  this Answer as though set forth here in full.

13  8.  Answering Paragraph 8 of the Complaint, Defendant lacks knowledge or
14  information sufficient to form a belief as to the truth of the allegations contained in this
15  Paragraph, and therefore denies each and every allegation contained in this Paragraph. To
16  the extent the allegations in this Paragraph constitute legal conclusions, no response is
17  required.

18  9.  Answering Paragraph 9 of the Complaint, Defendant denies the allegations
19  contained in this Paragraph that "defendants and/or their predecessors in interest carried
20  out alterations, structural repairs, or additions to the building during the time period Title
21  24 has been in effect" to the extent these allegations imply that such conduct triggered any
22  requirement on Defendant's part to comply with requirements applicable to newly-
23  constructed and/or altered facilities. The remaining allegations contained in this Paragraph
24  constitute legal conclusions for which no response is required. To the extent a response is
25  deemed necessary, Defendant denies each such allegation.

26  10.  Answering Paragraph 10 of the Complaint, Defendant lacks knowledge or
27  information sufficient to form a belief as to the truth of the allegation contained in this
28  Paragraph that Plaintiff made a reservation at the Westin Hotel San Francisco Airport on or

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

ANSWER TO COMPLAINT
Case No. C07-03279 JCS

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

1  about July 29, 2005, and therefore denies that allegation.  Defendant admits that Plaintiff

2  requested a guest room with a roll-in shower, and admits that the reservation Plaintiff

3  made was for Sunday, September 25 through Tuesday, September 27.  Defendant lacks

4  knowledge or information sufficient to form a belief as to the truth of the allegation

5  contained in this Paragraph that Plaintiff requested two beds, or that the purpose of

6  Plaintiff's visit to the Westin Hotel San Francisco Airport was "so she could attend the

7  'Job Accommodations Network' (J.A.N.) Conference," and therefore denies these

8  allegations.  Defendant denies each of the remaining allegations contained in this

9  Paragraph, and further denies that Plaintiff, or any other individual with an alleged

10  disability whom Plaintiff purports to represent, is entitled to any relief in this action.

11          11.     Answering Paragraph 11 of the Complaint, Defendant denies the allegations

12  contained in this Paragraph.  To the extent the allegations in this Paragraph constitute legal

13  conclusions, no response is required.

14          12.     Answering Paragraph 12 of the Complaint, Defendant denies the allegations

15  contained in this Paragraph.  To the extent the allegations in this Paragraph constitute legal

16  conclusions, no response is required.

17          13.     Answering Paragraph 13 of the Complaint, Defendant denies the allegations

18  contained in this Paragraph.  To the extent the allegations in this Paragraph constitute legal

19  conclusions, no response is required.

20          14.     Answering Paragraph 14 of the Complaint, Defendant denies the allegations

21  contained in this Paragraph.  To the extent the allegations in this Paragraph constitute legal

22  conclusions, no response is required.

23          15.     Answering Paragraph 15 of the Complaint, Defendant denies the allegations

24  contained in this Paragraph, except Defendant admits that Plaintiff purports to seek

25  injunctive relief on behalf of herself and other persons with disabilities.  Defendant denies,

26  however, that Plaintiff, or any other individual with an alleged disability whom Plaintiff

27  purports to represent, is entitled to injunctive or any other relief in this action.

28  ///

348833

4

16.     Answering Paragraph 16 of the Complaint, Defendant denies the allegations contained in this Paragraph, except Defendant admits that Plaintiff purports to seek injunctive relief on behalf of herself and other persons with disabilities.  Defendant denies, however, that Plaintiff, or any other individual with an alleged disability whom Plaintiff purports to represent, is entitled to injunctive or any other relief in this action.

17.     Answering Paragraph 17 of the Complaint, Defendant denies the allegations contained in this Paragraph.

18.     Answering Paragraph 18 of the Complaint, Defendant denies the allegations contained in this Paragraph, except Defendant admits that Plaintiff purports to seek damages in connection with the allegations contained in her Complaint.  Defendant denies, however, that Plaintiff, or any other individual with an alleged disability whom Plaintiff purports to represent, is entitled to any form of damages (e.g., actual, statutory, or treble damages) in connection with the allegations of the Complaint.

19.     Answering Paragraph 19 of the Complaint, Defendant admits the allegation in this Paragraph that "the Westin SFO specifically reserves guestrooms for people with disabilities."   Defendant denies each of the remaining allegations contained in this Paragraph, and further denies that Plaintiff, or any other individual with an alleged disability whom Plaintiff purports to represent, is entitled to any relief in this action.

20.     Answering Paragraph 20 of the Complaint, Defendant denies the allegations contained in this Paragraph.

21.     Answering Paragraph 21 of the Complaint, Defendant denies the allegations contained in this Paragraph, except Defendant admits that Plaintiff purports to seek the recovery of attorneys' fees in connection with the allegations contained in her Complaint. Defendant denies, however, that Plaintiff, or any other individual with an alleged disability whom Plaintiff purports to represent, is entitled to recover attorneys' fees in connection with the allegations of the Complaint, as Defendant denies that Plaintiff, or any other individual with an alleged disability whom Plaintiff purports to represent, is entitled to any relief in this action.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

348833

5

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

## ANSWER TO SECOND CLAIM FOR RELIEF

22.     Answering Paragraph 22 of the Complaint, Defendant incorporates by reference the admissions, denials, and allegations contained in Paragraphs 1 through 21 of this Answer as though set forth here in full.

23.     Answering Paragraph 23 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies each such allegation.

24.     Answering Paragraph 24 of the Complaint, Defendant denies that Plaintiff, or any other individual with an alleged disability whom Plaintiff purports to represent, has suffered any damages as a result of the allegations of the Complaint. The remaining allegations contained in this Paragraph constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies each such allegation.

## ANSWER TO THIRD CLAIM FOR RELIEF

25.     Answering Paragraph 25 of the Complaint, Defendant incorporates by reference the admissions, denials, and allegations contained in Paragraphs 1 through 24 of this Answer as though set forth here in full.

26.     Answering Paragraph 26 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies each such allegation.

27.     Answering Paragraph 27 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies each such allegation.

28.     Answering Paragraph 28 of the Complaint, Defendant admits that the Westin Hotel San Francisco Airport, which includes both hotel and restaurant facilities, is a place of public accommodation under applicable law.  The remaining allegations contained in this Paragraph constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies each such allegation.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

29.     Answering Paragraph 29 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies each such allegation.

30.     Answering Paragraph 30 of the Complaint, the allegations in this Paragraph constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies each such allegation.

31.     Answering Paragraph 31 of the Complaint, Defendant denies the allegations contained in this Paragraph.

32.     Answering Paragraph 32 of the Complaint, Defendant denies the allegations contained in this Paragraph.

33.     Answering Paragraph 33 of the Complaint, Defendant denies the allegations contained in this Paragraph.

34.     Answering Paragraph 34 of the Complaint, Defendant denies the allegation contained in this Paragraph that Plaintiff "is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph, and therefore denies each and every remaining allegation contained in this Paragraph.

## AFFIRMATIVE DEFENSES

35.     Defendant specifically reserves the right to amend its Answer to allege further affirmative defenses if additional defenses become apparent throughout the course of litigation.  Notwithstanding the foregoing and without waiving its right to assert additional defenses, Defendant alleges the following affirmative defenses that it now knows to be applicable to Plaintiff.  As and for its separate and independent affirmative defenses in this action, and without conceding that it bears the burden of proof or persuasion as to any affirmative defense, Defendant alleges as follows:

///

348833

7

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

36.    The Complaint, and each and every claim for relief alleged therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

37.    The Complaint, and each and every claim for relief alleged therein, is barred by all applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

(No Standing)

38.    Plaintiff lacks standing to seek some or all of the relief sought in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(No Injury in Fact)

39.    Plaintiff's claims are barred on the ground and to the extent that Plaintiff has suffered no injury in fact with respect to the facts alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Join Necessary Parties)

40.    Plaintiff has failed to name necessary parties to secure the relief sought by the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(Preemption)

41.    Plaintiff's California law-based claims are preempted by federal law.

## SEVENTH AFFIRMATIVE DEFENSE

(Moot)

42.    Plaintiff's claims are barred, in whole or in part, because the challenged conditions have been remedied and thus, Plaintiff will not again be subjected to the same alleged wrongful conduct by Defendant.

348833

8

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

## EIGHTH AFFIRMATIVE DEFENSE

(Pre-Mandatory Construction and/or Modification)

43.    Defendant is not obligated to remove the barriers alleged in this action to the extent that the structures at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

## NINTH AFFIRMATIVE DEFENSE

(Removal of Architectural Barriers Not Readily Achievable)

44.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of such alleged architectural barriers was not readily achievable.

## TENTH AFFIRMATIVE DEFENSE

(Undue Hardship)

45.    Insofar as the Defendant has not made the alterations to the facility at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue hardship upon Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

(Structural Modifications Made/Duties Met)

46.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant has made all readily achievable and otherwise legally-required modifications to its existing structure. Moreover, any other measures required, if any, to bring Defendant's structure into compliance with applicable disability access laws are not readily achievable and/or Defendant did not – and does not – have a duty to achieve such compliance.

## TWELFTH AFFIRMATIVE DEFENSE

(Building Permits)

47.    The Complaint and all claims alleged therein are barred by the issuance by local building authorities of appropriate building permits and certificates of occupancy for

348833

9

the facility at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Good Faith Reliance Upon Local Building Authorities)

48.    The Complaint, and each and every claim for relief alleged therein, is barred by Defendant's good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and certificates of occupancy for the facility at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Privilege)

49.    Defendant's conduct has at all times been privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Statutory Obligation)

50.    Defendant is excused from having made, or making, any of the architectural changes referenced in the Complaint because the laws in question excuse performance under such circumstances.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

51.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated Plaintiff's alleged disability by providing services via alternative methods other than the removal of alleged architectural barriers.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Compliance With Disability Access Laws)

52.    Any allegedly wrongful acts or omissions by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant has complied with all applicable disability access laws and has met the readily-achievable and readily-accessible

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

348833

10

1  alteration standards to its existing structure.

2  ### EIGHTEENTH AFFIRMATIVE DEFENSE

3  (Failure to Discharge Conditions Precedent)

4  53.    Plaintiff is not entitled to bring and/or recover on this action in that she has

5  failed to discharge each of the conditions precedent to suit, including, without limitation,

6  her failure to exhaust available administrative remedies.

7  ### NINETEENTH AFFIRMATIVE DEFENSE

8  (Assumption of Risk)

9  54.    In acting in the manner that she did, Plaintiff unnecessarily assumed the risk

10  that she would suffer the damages sought in this action.

11  ### TWENTIETH AFFIRMATIVE DEFENSE

12  (Superseding and/or Intervening Cause)

13  55.    To the extent that Plaintiff alleges that her purported damages were

14  somehow triggered by the acts or omissions of Defendant, there existed a superseding

15  and/or intervening cause for such damages for which Defendant bears no obligation,

16  responsibility, or liability.

17  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

18  (Comparative Negligence)

19  56.    Plaintiff's alleged damages and the occurrences alleged in the Complaint

20  were caused by the negligence and/or fault of other persons or entities, whether or not

21  parties to this action, and Defendant's alleged liability should be reduced accordingly.

22  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

23  (Estoppel)

24  57.    The Complaint, and each and every claim for relief alleged therein, is barred

25  because Plaintiff is estopped from seeking recovery from Defendant because, among other

26  things, Plaintiff has acted in a manner inconsistent with having enforceable rights against

27  Defendant.

28  ///

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

348833

11

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Waiver)

58.    The Complaint, and each and every claim for relief alleged therein, is barred because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

59.    The Complaint, and each and every claim for relief alleged therein, is barred because any actions taken by Defendant with respect to Plaintiff were for legitimate business reasons unrelated to Plaintiff's alleged disability.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Good Faith)

60.    Defendant and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known at the time that such actions were taken.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Damages)

61.    Defendant is informed and believes and based thereon alleges that Plaintiff has not suffered any damage as a result of any actions taken by Defendant, and Plaintiff is thereby barred from asserting any claim against Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Cal. Civ. Code § 51)

62.    Plaintiff is barred from recovery under Section 51 of the California Civil Code because said section does not apply to the alleged conduct at issue.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Cal. Civ. Code §§ 52, 54.3(a))

63.    Plaintiff is not entitled to recover the damages sought in the Complaint

1 because her admittance to and enjoyment of the facilities in question was not denied or

2 interfered with by Defendant.

3 ### TWENTY-NINTH AFFIRMATIVE DEFENSE

4 (No Duplicative Damages – Cal. Civ. Code §§ 51, 52, 54.1, 54.3(c))

5 64.    Plaintiff is barred from recovering damages or securing other relief under

6 Sections 51 and 52 of the California Civil Code, on the one hand, and Sections 54.1 and

7 54.3 of the California Civil Code, on the other hand, for the same alleged act or failure to

8 act.

9 ### THIRTIETH AFFIRMATIVE DEFENSE

10 (No Damages – Cal. Health & Safety Code § 19955)

11 65.    Plaintiff is not entitled to recover damages for any alleged violations of

12 Section 19955 of the California Health and Safety Code.

13 ### THIRTY-FIRST AFFIRMATIVE DEFENSE

14 (No Treble Damages)

15 66.    Plaintiff is not entitled to seek or recover treble damages against Defendant

16 for any of the claims for relief alleged in the Complaint, nor has Plaintiff alleged facts

17 establishing a lawful basis for the award of treble damages.

18 ### THIRTY-SECOND AFFIRMATIVE DEFENSE

19 (Treble Damages Unconstitutional)

20 67.    Plaintiff is not entitled to recover treble damages under the Complaint

21 because such an award would violate Defendant's rights under the Constitution of the

22 United States of America and the Constitution of the State of California, including but not

23 limited to, Defendant's rights to (1) procedural due process under the Constitution of the

24 State of California and the Fourteenth Amendment to the Constitution of the United States

25 of America; (2) protection from excessive fines as provided in the Eighth Amendment to

26 the Constitution of the United States of America, and Article I, Section 17 of the

27 Constitution of the State of California; and (3) substantive due process provided in the

28 Constitution of the State of California and the Fifth and Fourteenth Amendments to the

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

348833

ANSWER TO COMPLAINT
Case No. C07-03279 JCS

Constitution of the United States of America.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Right to Attorneys' Fees or Costs)

68.     Plaintiff is not entitled to recovery of attorneys' fees or costs from Defendant as alleged in the Complaint.  In the alternative, to the extent that Plaintiff is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent they were not reasonably incurred or were incurred at an excessive rate.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Recovery of Prevailing Party Attorneys' Fees or Costs)

69.     Pursuant to 42 U.S.C. § 12205, in the event that Defendant prevails in this action, Defendant should be awarded its reasonable attorneys' fees and costs incurred in defending this action.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

70.     Plaintiff is not entitled to any injunctive, declaratory, or other equitable relief because she has not suffered any irreparable harm.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

71.     Plaintiff failed properly to mitigate her alleged damages and therefore is precluded from recovering those alleged damages.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Defenses Under Federal Rules of Civil Procedure)

72.     Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure.  The extent to which Plaintiff's claims may be barred cannot be determined until Defendant has an opportunity to complete discovery.  Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

///

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

348833

14

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

1

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

2

(Reservation of Defenses)

3    73.    Defendant alleges all other defenses that may potentially become available as

4    a result of information developed through discovery or trial.

5    WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays for

6    relief as follows:

7    1.    That Plaintiff take nothing by her Complaint;

8    2.    That the Complaint be dismissed, in its entirety, with prejudice;

9    3.    That judgment be entered in Defendant's favor and against Plaintiff;

10    4.    That Defendant be awarded its costs of suit;

11    5.    That Defendant be awarded its attorneys' fees; and

12    6.    That Defendant be awarded such other and further relief as the Court

13        deems just and proper.

14

15    Dated: August 20, 2007        **BRYAN CAVE LLP**
                                    STACEY L. HERTER
16                                  JESSE E.M. RANDOLPH

17                                  By: _____/s/ Stacey L. Herter_____
18                                  Attorneys for Defendant WESTIN BAY
                                    HOTEL REALTY LLC, erroneously sued as
19                                  Westin Hotel Company and Westin Bay Hotel
                                    Company
20

21

22

23

24

25

26

27

28

348833

ANSWER TO COMPLAINT
Case No. C07-03279 JCS