PAUL L. REIN, Esq., (SBN 43053)
JULIE A. OSTIL, Esq., (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/823-4787

Attorneys for Plaintiff
Connie Arnold

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD,<br><br>    Plaintiff,<br><br>v.<br><br>WESTIN BAY HOTEL REALTY LLC; STARWOOD HOTELS & RESORTS WORLDWIDE, INC.; and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____ / | CASE NO. C07-3279 JCS<br><u>Civil Rights</u><br><br>**FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, AND PER CALIFORNIA STATUTES (INCLUDING (CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND §55; and HEALTH & SAFETY CODE §§19955, *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CONNIE ARNOLD complains of defendants WESTIN BAY HOTEL REALTY LLC; STARWOOD HOTELS & RESORTS WORLDWIDE, INC.; and DOES 1-25, Inclusive, and each of them, and alleges as follows:

1. **INTRODUCTION:** This case involves the denial of accessible public facilities, including paths of travel, and access to the entrance, interior, and

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS                -1-        S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1. related facilities, accessible hotel guest rooms, and public accessible restroom facilities, to plaintiff and other disabled persons at the Westin Hotel San Francisco Airport, 1 Old Bayshore Highway, Millbrae, California. Plaintiff Connie Arnold is a "person with a disability" or "physically handicapped person." Plaintiff requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair. Plaintiff was denied her rights to full and equal access at these facilities, and was denied her civil rights under both California law and federal law, as hereinbelow described, because these facilities were not, and are not now, properly accessible to physically disabled persons (such as plaintiff) who use wheelchairs. Plaintiff seeks injunctive relief to require defendants to make these specified facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities will be provided accessible facilities, including the proper number and configuration of accessible guest rooms, including those with roll-in showers, accessible parking, accessible entry, accessible paths of travel, accessible swimming pool, and accessible sanitary facilities. Plaintiff also seeks recovery of damages for her discriminatory experiences and denial of access and civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable attorney fees, litigation expenses and costs, according to statute.

2. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450*, et. seq.*; Health & Safety Code §19955, *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54,

1  54.1 and 55.

2      3.    **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)
3  and is founded on the fact that the real property which is the subject of this action
4  is located in this district and that plaintiff's causes of action arose in this district.

5      4.    **PARTIES:** Plaintiff is a qualified physically disabled person who
6  cannot walk and who requires use of a motorized wheelchair for locomotion.
7  Defendants WESTIN BAY HOTEL REALTY LLC; STARWOOD HOTELS &
8  RESORTS WORLDWIDE, INC.; and DOES 1-25, Inclusive are the owners,
9  operators, lessors, and lessees of the business, property, building and/or portions
10 thereof located at 1 Old Bayshore Highway, Millbrae, California.  This hotel is a
11 "public accommodation and business establishment" subject to the requirements
12 of California Health & Safety Code §19955 *et seq.* and of California Civil Code
13 §§ 51, 54, *et seq*.  Such facilities have, since July 1, 1970, undergone construction
14 and/or "alterations, structural repairs, or additions" subjecting each such facility
15 to disabled access requirements per Health & Safety Code §§ 19955-19959, *et*
16 *seq*.  Such alterations since July 1, 1982 also subjected these facilities to
17 requirements of California's Title 24, the State Building Code.  Further,
18 irrespective of the alteration history, such premises are subject to the "readily
19 achievable" barrier removal requirements of Title III of the Americans With
20 Disabilities Act of 1990.

21     5.    The true names and capacities of Defendants Does 1 through 25,
22 Inclusive, are unknown to plaintiff who therefore sues said defendants by such
23 fictitious names.  Plaintiff is informed and believes that each of the defendants
24 herein designated as a Doe is legally responsible in some manner for the events
25 and happenings herein referred to and caused injury and damages proximately
26 thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to
27 show such true names and capacities when the same have been ascertained.

28     6.    Defendants WESTIN BAY HOTEL REALTY LLC; STARWOOD

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS          -3-          S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

1  HOTELS & RESORTS WORLDWIDE, INC.; and DOES 1-25, Inclusive, are and
2  were the owners, operators, lessors and lessees of the subject business, property
3  and/or building at all times relevant to this Complaint. Plaintiff is informed and
4  believes that each of the defendants herein is the agent, employee or
5  representative of each of the other defendants, and performed all acts and
6  omissions stated herein within the scope of such agency or employment or
7  representative capacity and is responsible in some manner for the acts and
8  omissions of the other defendants in proximately causing the damages
9  complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY (California Health & Safety Code §§ 19955, *Et Seq.*, Civil Code §54.1)**

14    7.    Plaintiff repleads and incorporates by reference, as if fully set forth
15  again herein, the factual allegations contained in Paragraphs 1 through 6, above,
16  and incorporates them herein by reference as if separately repled hereafter.
17    8.    Plaintiff Connie Arnold and other similarly situated physically
18  disabled persons who require the use of a wheelchair are unable to use public
19  facilities on a "full and equal" basis unless each such facility is in compliance
20  with the provisions of California Health & Safety Code §§ 19955, *et seq.*
21  Plaintiff is a member of that portion of the public whose rights are protected by
22  the provisions of Health & Safety Code §§ 19955, *et seq.*
23    9.    Health & Safety Code §§ 19955 and 19955.5 were enacted "To
24  ensure that public accommodations or facilities constructed in this state with
25  private funds adhere to the provisions of Chapter 7 (commencing with Section
26  4450) of Division 5 of Title 1 of the Government Code." On information and
27  belief the provisions of both Health and Safety Code §§ 19955 and 19955.5,
28  apply to the Hotel located at 1 Old Bayshore Highway, Millbrae, California. The

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS          -4-    S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

code relating to such public accommodations also requires that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the building during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450*ff*.

10.  **FACTUAL STATEMENT:**   On or about July 29, 2005, plaintiff Connie Arnold made a reservation at the "Westin Hotel San Francisco Airport" (hereinafter also "Hotel" or "Westin SFO "), located at 1 Old Bayshore Highway, Millbrae, requesting a guest room with a "roll-in shower" and beds for herself and her mother, who traveled with her, and reserved a room for two nights, Sunday, September 25th through Tuesday, September 27, 2005, so she could attend the "Job Accommodations Network" (J.A.N.) Conference.  On arrival at the Hotel on September 25, 2007, plaintiff found excessively heavy doors at the front entrance and other entrances, and a narrow path of travel on an exterior walkway, partially blocked by a heavy trash can.  On arriving at her room (Room No. 701), she was disappointed to find that the room was <u>not</u> properly accessible in multiple respects, although she learned that it was the only "accessible" room in the Hotel which was equipped with a "roll-in shower." However, the room had an inferior

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS                              -5-         S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

1 location on the highest floor, next to the elevator, and the noise from the elevator
2 disturbed plaintiff's sleep. The room was also not properly accessible in that the
3 bathroom was too small, the bathroom doorway was too narrow, and the shower
4 was <u>not</u> ADA compliant. Further, the room had only one bed, although plaintiff
5 had made reservations for a room with two beds to accommodate herself and her
6 mother, Jean Arnold, who traveled with plaintiff as her attendant and to assist
7 plaintiff as necessary because of her disability.

8       11. On information and belief, the Hotel and its owners and operators
9 had an obligation (for a hotel of this size, with over 200 guest rooms) to provide
10 plaintiff and other disabled members of the public at least three fully accessible
11 guest rooms with proper roll-in showers and other amenities, and at a variety of
12 locations, and in locations as desirable as those offered to other patrons of the
13 Hotel. The Hotel was not properly accessible for use by physically disabled
14 persons as required by law in multiple respects. For example, when plaintiff
15 arrived in her disabled licensed van, she found that there was no proper accessible
16 parking or van-accessible parking for disabled persons; that the path of travel
17 from the designated disabled parking required traveling behind other persons'
18 vehicles and along a narrow path of travel; and that all "accessible" parking was
19 by valet only, with no accessible or van-accessible parking available for guests
20 who "self-parked." Further, the registration counter was too high for use by
21 wheelchair users; interior paths of travel in the lobby and leading to the pool were
22 blocked by furniture, and plaintiff banged her knees and suffered minor injury
23 attempting to get through this lower lobby area; the pool had no pool lift,
24 interfering with its usability for mobility impaired persons, including plaintiff.
25 Other features that were not properly accessible for disabled persons included the
26 following: narrow aisles in the Hotel's gift shop; the cocktail lounge had
27 insufficient tables usable by disabled wheelchair users and did not have a lowered
28 counter area; the public women's restroom near the conference area was not fully

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS            -6-            S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

accessible, including, *inter alia*, sink counters that were too high for wheelchair use. On information and belief the men's restroom is also not properly disabled accessible, and should also be remedied.

12. This public facility is inaccessible to persons with disabilities in multiple aspects, including but not limited to the following: insufficiently numbered and improperly configured "accessible" parking spaces and "van-accessible" parking spaces; improper configuration of unloading zones; ticket dispensing machine on entry to parking lot unusable by many disabled persons; hotel entrances with problems as to door weight and hardware, landing size and slope; interior paths of travel, including pathway through sunken lobby area and to the swimming pool; public restrooms; public telephones, public dining areas, public banquet areas, bar areas, drinking fountains and restaurant host's station; all rendering these premises inaccessible to and unuseable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements.

13. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

14. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

15. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS         -7-         S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

1  the acts and omissions of defendants as complained of herein which are
2  continuing on a day-to-day basis and which have the effect of wrongfully
3  excluding plaintiff and other members of the public who are physically disabled
4  wheelchair users from full and equal access to these public facilities.  Such acts
5  and omissions are the cause of humiliation and mental and emotional suffering of
6  plaintiff in that these actions continue to treat plaintiff as an inferior and second
7  class citizen and serve to discriminate against her on the sole basis that she is a
8  person with disabilities who requires the use of a wheelchair for movement in
9  public places. Plaintiff is unable, so long as such acts and omissions of defendants
10 continue, to achieve equal access to and use of these public buildings and
11 facilities, and cannot return to use these facilities until they are made properly
12 accessible to disabled persons.  Plaintiffs alleges that she intends to do so, once
13 legally required access has been provided.  The acts of defendants have
14 proximately caused and will continue to cause irreparable injury to plaintiff if not
15 enjoined by this Court.   As to those of the defendants that currently own, operate,
16 and/or lease (from or to) the subject Hotel, plaintiff seeks preliminary and
17 permanent injunctive relief to enjoin and eliminate the discriminatory practices
18 and barriers that deny equal access for disabled persons, and for reasonable
19 attorney fees.
20         16.     Wherefore plaintiff asks this Court to preliminarily and permanently
21 enjoin any continuing refusal by defendants to grant full and equal access to
22 plaintiff in the respects complained of and to require defendants to comply
23 forthwith with the applicable statutory requirements relating to access for disabled
24 persons. Such injunctive relief is provided by California Health & Safety Code
25 §19953 and California Civil Code §55, and other law.  Plaintiff further requests
26 that the court award damages pursuant to Civil Code §54.3 and other law and
27 attorney fees, litigation expenses, and costs  pursuant to Health & Safety Code
28 §19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure §1021.5 and other

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS                -8-        S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

law, all as hereinafter prayed for.

17. **DAMAGES:** As a result of the denial of equal access to the facility and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiff suffered a violation of her civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to her damages per Civil Code §54.3, including statutory treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

18. **TREBLE DAMAGES -** Plaintiff has been damaged by defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1, and 54.3. Plaintiff seeks actual damages, and statutory and treble damages against defendants for all periods of time mentioned herein.

19. At all times herein mentioned, defendants were fully aware that significant numbers of potential users of their public facility are and will be physically disabled persons. As a hotel, the Westin SFO specifically reserves guestrooms for people with disabilities indicating that they will be provided with "wheelchair accessible rooms" and a "roll-in shower," but failed to modify their policies and procedures to ensure that persons with disabilities are provided the accessible rooms they reserve. Further defendants know that some of the Westin SFO patrons would be and were physically disabled wheelchair users and other mobility-impaired disabled persons, and would have need of facilities that comply with California Title 24 and ADAAG standards for accessible facilities. Despite this knowledge, defendants installed and maintained the physical barriers complained of, and failed to remove these barriers, and have failed to provide fully accessible guestrooms, paths of travel in all public areas, parking, public

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-3279 JCS                -9-            S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

1 restrooms and other accessible facilities as required by state and federal law.
2 Defendants have ignored specific complaints about the lack of proper disabled
3 access by plaintiff and other wheelchair users. Defendants have continued their
4 illegal and discriminatory policies and practices despite actual knowledge that
5 people with physical mobility disabilities regularly attempt to patronize the Hotel
6 and encounter illegal barriers when they do so.

7   20.   At all times herein mentioned, defendants knew, or in the exercise of
8 reasonable diligence should have known, that their barriers and practices at their
9 Westin SFO violated disabled access requirements and standards, and had a
10 discriminatory affect upon plaintiff and upon other physically disabled persons,
11 but defendants have refused to rectify the violations, and presently continue a
12 course of conduct that discriminates against plaintiff and similarly situated
13 disabled persons.

14   21.   **FEES AND COSTS:** As a result of defendants' acts, omissions, and
15 conduct, plaintiff has been required to incur attorney fees, litigation expenses, and
16 costs as provided by statute, in order to enforce plaintiff's rights and to enforce
17 provisions of the law protecting access for disabled persons and prohibiting
18 discrimination against disabled persons. Plaintiff therefore seeks recovery of all
19 reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions
20 of Civil Code §§ 54.3 and 55. Additionally, plaintiff's lawsuit is intended to
21 require that defendants make their facilities accessible to all disabled members of
22 the public, justifying "public interest" attorney fees, litigation expenses and costs
23 pursuant to the provisions of California Code of Civil Procedure §1021.5 and
24 other applicable law.

25   Wherefore plaintiff prays for relief as hereinafter stated:
26 //
27 //
28 //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS               -10-      S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

**SECOND CAUSE OF ACTION:
VIOLATION OF UNRUH CIVIL RIGHTS ACT
CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,
ON THE BASIS OF DISABILITY**

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 21, above, and incorporates them herein by reference as if separately repled hereafter.

23. At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per §51(f),

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

24. Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled. California Civil Code §52(a) provides that each such violation entitles plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

//
//

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-3279 JCS               -11-        S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

# THIRD CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 USC §12101*FF*

25.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 24 of this Complaint, and incorporates them herein as if separately repled.

26.     Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

27.     Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

<u>FIRST AMENDED</u> COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C07-3279 JCS            -12-            S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

1  28. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, per § 301(7)(A), "an hotel, motel or other place of lodging...," and § 301(7)(B), which includes any "a restaurant, bar, or other sales or rental establishment serving food or drink."

29. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

30. Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS      -13-      S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

1  methods if such methods are readily achievable." The acts and omissions of
2  Defendants set forth herein were in violation of Plaintiff's rights under the ADA,
3  Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part
4  36*ff*.

5      31.    The removal of each of the barriers complained of by Plaintiff as
6  hereinabove alleged, were at all times herein mentioned "readily achievable"
7  under the standards of the Americans With Disabilities Act. As noted
8  hereinabove, removal of each and every one of the architectural barriers
9  complained of herein were also required under California law. Further, on
10 information and belief, alterations, structural repairs or additions since January
11 26, 1992 have also independently triggered requirements for removal of barriers
12 to access for disabled persons per §303 of the ADA, as well as per California
13 Health and Safety Code §19959.

14     32.    On information and belief, as of the date of plaintiff's stay at the
15 Hotel premises and as of the filing of this Complaint, the premises have denied
16 and continue to deny full and equal access to plaintiff and to other disabled
17 persons, including wheelchair users, in other respects, which violated plaintiff's
18 rights to full and equal access and which discriminated against plaintiff on the
19 basis of her disability, thus wrongfully denying to plaintiff the full and equal
20 enjoyment of the goods, services, facilities, privileges, advantages and
21 accommodations, in violation of §302 of the ADA, 42 USC §12182.

22     33.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff,
23 §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of
24 the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected
25 to discrimination on the basis of disability in violation of this title or has
26 reasonable grounds for believing that she is about to be subjected to
27 discrimination in violation of §302 and §303. On information and belief,
28 defendants have continued to violate the law and deny the rights of plaintiff and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS                          -14-        S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

1  other disabled persons access to this public accommodation since on or before
2  defendant's encounters as previously discussed. Pursuant to §308(a)(2), "In cases
3  of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an
4  order to alter facilities to make such facilities readily accessible to and usable by
5  individuals with disabilities to the extent required by this title."
6   34.   Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the
7  Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal
8  Regulations adopted to implement the Americans with Disabilities Act of 1990.
9  Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is
10 being subjected to discrimination on the basis of disability in violation of Title III
11 and who has reasonable grounds for believing she will be subjected to such
12 discrimination each time that she may attempt to use the property and premises.
13       Wherefore plaintiff prays for relief as hereinafter stated:

### **PRAYER**

16  Plaintiff prays that this Court:
17   1.   Issue a preliminary and permanent injunction directing defendants as
18 current owners, operators, lessors, and/or lessees of the property and premises to
19 modify the above described property and premises and related facilities so that
20 each provides full and equal access to all persons, including persons with physical
21 disabilities; and issue a preliminary and permanent injunction directing
22 defendants to provide facilities usable by plaintiff and similarly situated persons
23 with disabilities, and which provide full and equal access, as required by law;
24   2.   Retain jurisdiction over the defendants until such time as the Court is
25 satisfied that defendants' unlawful policies, practices, acts and omissions, and
26 maintenance of inaccessible public facilities as complained of herein no longer
27 occur, and can not recur;
28   3.   Award to plaintiff all appropriate damages, including but not limited

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS           -15-       S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd

to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Dated: October 2, 2007       PAUL L. REIN
                             JULIE A. OSTIL
                             LAW OFFICES OF PAUL L. REIN


                               /s/ Julie Ostil
                             Attorneys for Plaintiff
                             CONNIE ARNOLD

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: October 2, 2007       PAUL L. REIN
                             JULIE A. OSTIL
                             LAW OFFICES OF PAUL L. REIN


                               /s/ Julie Ostil
                             Attorneys for Plaintiff
                             CONNIE ARNOLD

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
CASE NO. C07-3279 JCS           -16-      S:\SLR\WESTIN HOTEL\PLEADINGS\WESTINHOTEL.FAC.wpd