Stacey L. Herter, California Bar No. 185366
Jesse E.M. Randolph, California Bar No. 221060
**BRYAN CAVE LLP**
1900 Main Street, Suite 700
Irvine, California 92614-7328
Telephone:   (949) 223-7000
Facsimile:    (949) 223-7100
stacey.herter@bryancave.com
jesse.randolph@bryancave.com

Attorneys For Defendants
WESTIN BAY HOTEL REALTY LLC and
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD,<br><br>            Plaintiff,<br><br>vs.<br><br>WESTIN BAY HOTEL REALTY LLC;<br>STARWOOD HOTELS & RESORTS<br>WORLDWIDE, INC.; and DOES 1-25,<br>Inclusive,<br><br>            Defendants. | Case No. C07-03279 JCS<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

///
///
///
///
///
///
///
///

348833

Defendants Westin Bay Hotel Realty LLC and Starwood Hotels & Resorts Worldwide, Inc. (collectively, "Defendants") answer the First Amended Complaint ("FAC") of Plaintiff Connie Arnold ("Plaintiff"), as follows:

1. Answering Paragraph 1 of the FAC, Defendants deny the allegations contained in this Paragraph, except Defendants admit that Plaintiff purports to bring this action on behalf of herself and other persons with disabilities whom she alleges have been denied full and equal access to the Westin Hotel San Francisco Airport. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in this Paragraph that "Plaintiff Connie Arnold is a 'person with a disability' or 'physically handicapped person'," and therefore deny this allegation. With respect to the remaining allegations contained in this Paragraph, Defendants deny that Plaintiff, or any other individual with an alleged disability whom Plaintiff purports to represent, is entitled to any relief in this action.

2. Answering Paragraph 2 of the FAC, the allegations in this Paragraph constitute legal conclusions for which no response is required. Defendants deny, however, that Plaintiff, or any other individual with an alleged disability whom Plaintiff purports to represent, is entitled to any relief in this action under either the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), California Government Code § 4450 et seq., California Health and Safety Code § 19955 et seq., California Civil Code §§ 51, 52, 54, 54.1, and/or 55, Title 24 of the California Code of Regulations, or any other similar statute or regulation.

3. Answering Paragraph 3 of the FAC, Defendants admit the allegations contained in this Paragraph.

4. Answering Paragraph 4 of the FAC, Defendants admit that Westin Bay Hotel Realty LLC is the current owner of the Westin Hotel San Francisco Airport, that Starwood Hotels & Resorts Worldwide, Inc. is (and at all times relevant, was) the operator of the Westin Hotel San Francisco Airport, and that the Westin Hotel San Francisco Airport is located at 1 Old Bayshore Highway, Millbrae, California. Defendants lack knowledge or

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

1  information sufficient to form a belief as to the truth of the allegation contained in this
2  Paragraph that Plaintiff is physically disabled, and therefore deny that allegation.
3  Defendants admit that the Westin Hotel San Francisco Airport is a "public
4  accommodation" under applicable law.  Defendants deny each of the remaining allegations
5  contained in this Paragraph.

6      5.    Answering Paragraph 5 of the FAC, the allegations in this Paragraph
7  constitute legal conclusions for which no response is required.  To the extent a response is
8  deemed necessary, Defendants deny each such allegation.

9      6.    Answering Paragraph 6 of the FAC, Defendants admit that Westin Bay Hotel
10 Realty LLC is the current owner of the Westin Hotel San Francisco Airport, and that
11 Starwood Hotels & Resorts Worldwide, Inc. is (and at all times relevant, was) the operator
12 of the Westin Hotel San Francisco Airport.  Defendants deny each of the remaining
13 allegations contained in this Paragraph.

14 <u>ANSWER TO FIRST CLAIM FOR RELIEF</u>

15     7.    Answering Paragraph 7 of the FAC, Defendants incorporate by reference the
16 admissions, denials, and assertions contained in Paragraphs 1 through 6 of this Answer as
17 though set forth here in full.

18     8.    Answering Paragraph 8 of the FAC, Defendants lack knowledge or
19 information sufficient to form a belief as to the truth of the allegations contained in this
20 Paragraph, and therefore deny each and every allegation contained in this Paragraph.  To
21 the extent the allegations in this Paragraph constitute legal conclusions, no response is
22 required.

23     9.    Answering Paragraph 9 of the FAC, Defendants deny the allegations
24 contained in this Paragraph that "defendants and/or their predecessors in interest carried
25 out alterations, structural repairs, or additions to the building during the time period Title
26 24 has been in effect" to the extent these allegations imply that such conduct triggered any
27 requirement on Defendants' part to comply with requirements applicable to newly-
28 constructed and/or altered facilities.  The remaining allegations contained in this Paragraph

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

1 constitute legal conclusions for which no response is required. To the extent a response is
2 deemed necessary, Defendants deny each such allegation.

3     10. Answering Paragraph 10 of the FAC, Defendants lack knowledge or
4 information sufficient to form a belief as to the truth of the allegation contained in this
5 Paragraph that Plaintiff made a reservation at the Westin Hotel San Francisco Airport on or
6 about July 29, 2005, and therefore deny that allegation. Defendants admit that Plaintiff
7 requested a guest room with a roll-in shower, and admit that the reservation Plaintiff made
8 was for Sunday, September 25 through Tuesday, September 27. Defendants lack
9 knowledge or information sufficient to form a belief as to the truth of the allegation
10 contained in this Paragraph that Plaintiff requested two beds, or that the purpose of
11 Plaintiff's visit to the Westin Hotel San Francisco Airport was "so she could attend the
12 'Job Accommodations Network' (J.A.N.) Conference," and therefore deny these
13 allegations. Defendants deny each of the remaining allegations contained in this
14 Paragraph, and further deny that Plaintiff, or any other individual with an alleged disability
15 whom Plaintiff purports to represent, is entitled to any relief in this action.

16     11. Answering Paragraph 11 of the FAC, Defendants deny the allegations
17 contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal
18 conclusions, no response is required.

19     12. Answering Paragraph 12 of the FAC, Defendants deny the allegations
20 contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal
21 conclusions, no response is required.

22     13. Answering Paragraph 13 of the FAC, Defendants deny the allegations
23 contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal
24 conclusions, no response is required.

25     14. Answering Paragraph 14 of the FAC, Defendants deny the allegations
26 contained in this Paragraph. To the extent the allegations in this Paragraph constitute legal
27 conclusions, no response is required.

28     15. Answering Paragraph 15 of the FAC, Defendants deny the allegations

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

348833

4

ANSWER TO FIRST AMENDED COMPLAINT
Case No. C07-03279 JCS

1  contained in this Paragraph, except Defendants admit that Plaintiff purports to seek
2  injunctive relief on behalf of herself and other persons with disabilities. Defendants deny,
3  however, that Plaintiff, or any other individual with an alleged disability whom Plaintiff
4  purports to represent, is entitled to injunctive or any other relief in this action.

5      16.  Answering Paragraph 16 of the FAC, Defendants deny the allegations
6  contained in this Paragraph, except Defendants admit that Plaintiff purports to seek
7  injunctive relief on behalf of herself and other persons with disabilities. Defendants deny,
8  however, that Plaintiff, or any other individual with an alleged disability whom Plaintiff
9  purports to represent, is entitled to injunctive or any other relief in this action.

10     17.  Answering Paragraph 17 of the FAC, Defendants deny the allegations
11 contained in this Paragraph.

12     18.  Answering Paragraph 18 of the FAC, Defendants deny the allegations
13 contained in this Paragraph, except Defendants admit that Plaintiff purports to seek
14 damages in connection with the allegations contained in her FAC. Defendants deny,
15 however, that Plaintiff, or any other individual with an alleged disability whom Plaintiff
16 purports to represent, is entitled to any form of damages (e.g., actual, statutory, or treble
17 damages) in connection with the allegations of the FAC.

18     19.  Answering Paragraph 19 of the FAC, Defendants admit the allegation in this
19 Paragraph that "the Westin SFO specifically reserves guestrooms for people with
20 disabilities." Defendants deny each of the remaining allegations contained in this
21 Paragraph, and further deny that Plaintiff, or any other individual with an alleged disability
22 whom Plaintiff purports to represent, is entitled to any relief in this action.

23     20.  Answering Paragraph 20 of the FAC, Defendants deny the allegations
24 contained in this Paragraph.

25     21.  Answering Paragraph 21 of the FAC, Defendants deny the allegations
26 contained in this Paragraph, except Defendants admit that Plaintiff purports to seek the
27 recovery of attorneys' fees in connection with the allegations contained in her FAC.
28 Defendants deny, however, that Plaintiff, or any other individual with an alleged disability

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

348833                                    5

ANSWER TO FIRST AMENDED COMPLAINT
Case No. C07-03279 JCS

1  whom Plaintiff purports to represent, is entitled to recover attorneys' fees in connection
2  with the allegations of the FAC, as Defendants deny that Plaintiff, or any other individual
3  with an alleged disability whom Plaintiff purports to represent, is entitled to any relief in
4  this action.

## ANSWER TO SECOND CLAIM FOR RELIEF

6  22.  Answering Paragraph 22 of the FAC, Defendants incorporate by reference
7  the admissions, denials, and allegations contained in Paragraphs 1 through 21 of this
8  Answer as though set forth here in full.

9  23.  Answering Paragraph 23 of the FAC, the allegations in this Paragraph
10 constitute legal conclusions for which no response is required. To the extent a response is
11 deemed necessary, Defendants deny each such allegation.

12 24.  Answering Paragraph 24 of the FAC, Defendants deny that Plaintiff, or any
13 other individual with an alleged disability whom Plaintiff purports to represent, has
14 suffered any damages as a result of the allegations of the FAC. The remaining allegations
15 contained in this Paragraph constitute legal conclusions for which no response is required.
16 To the extent a response is deemed necessary, Defendants deny each such allegation.

## ANSWER TO THIRD CLAIM FOR RELIEF

18 25.  Answering Paragraph 25 of the FAC, Defendants incorporate by reference
19 the admissions, denials, and allegations contained in Paragraphs 1 through 24 of this
20 Answer as though set forth here in full.

21 26.  Answering Paragraph 26 of the FAC, the allegations in this Paragraph
22 constitute legal conclusions for which no response is required. To the extent a response is
23 deemed necessary, Defendants deny each such allegation.

24 27.  Answering Paragraph 27 of the FAC, the allegations in this Paragraph
25 constitute legal conclusions for which no response is required. To the extent a response is
26 deemed necessary, Defendants deny each such allegation.

27 28.  Answering Paragraph 28 of the FAC, Defendants admit that the Westin
28 Hotel San Francisco Airport, which includes both hotel and restaurant facilities, is a place

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

348833

6

1  of public accommodation under applicable law. The remaining allegations contained in
2  this Paragraph constitute legal conclusions for which no response is required. To the
3  extent a response is deemed necessary, Defendants deny each such allegation.

4      29.    Answering Paragraph 29 of the FAC, the allegations in this Paragraph
5  constitute legal conclusions for which no response is required. To the extent a response is
6  deemed necessary, Defendants deny each such allegation.

7      30.    Answering Paragraph 30 of the FAC, the allegations in this Paragraph
8  constitute legal conclusions for which no response is required. To the extent a response is
9  deemed necessary, Defendants deny each such allegation.

10     31.    Answering Paragraph 31 of the FAC, Defendants deny the allegations
11 contained in this Paragraph.

12     32.    Answering Paragraph 32 of the FAC, Defendants deny the allegations
13 contained in this Paragraph.

14     33.    Answering Paragraph 33 of the FAC, Defendants deny the allegations
15 contained in this Paragraph.

16     34.    Answering Paragraph 34 of the FAC, Defendants deny the allegation
17 contained in this Paragraph that Plaintiff "is being subjected to discrimination on the basis
18 of disability in violation of Title III and who has reasonable grounds for believing she will
19 be subjected to such discrimination each time that she may attempt to use the property and
20 premises." Defendants lack knowledge or information sufficient to form a belief as to the
21 truth of the remaining allegations contained in this Paragraph, and therefore deny each and
22 every remaining allegation contained in this Paragraph.

23 **<u>AFFIRMATIVE DEFENSES</u>**

24     35.    Defendants specifically reserve the right to amend this Answer to allege
25 further affirmative defenses if additional defenses become apparent throughout the course
26 of litigation. Notwithstanding the foregoing and without waiving any right to assert
27 additional defenses, Defendants allege the following affirmative defenses that each now
28 knows to be applicable to Plaintiff. As and for their separate and independent affirmative

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

defenses in this action, and without conceding that either bears the burden of proof or persuasion as to any affirmative defense, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

36. The FAC, and each and every claim for relief alleged therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

37. The FAC, and each and every claim for relief alleged therein, is barred by all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
(No Standing)

38. Plaintiff lacks standing to seek some or all of the relief sought in the FAC.

### FOURTH AFFIRMATIVE DEFENSE
(No Injury in Fact)

39. Plaintiff's claims are barred on the ground and to the extent that Plaintiff has suffered no injury in fact with respect to the facts alleged in the FAC.

### FIFTH AFFIRMATIVE DEFENSE
(Failure to Join Necessary Parties)

40. Plaintiff has failed to name necessary parties to secure the relief sought by the FAC.

### SIXTH AFFIRMATIVE DEFENSE
(Preemption)

41. Plaintiff's California law-based claims are preempted by federal law.

### SEVENTH AFFIRMATIVE DEFENSE
(Moot)

42. Plaintiff's claims are barred, in whole or in part, because the challenged conditions have been remedied and thus, Plaintiff will not again be subjected to the same

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

348833

8

ANSWER TO FIRST AMENDED COMPLAINT
Case No. C07-03279 JCS

alleged wrongful conduct by Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

(Pre-Mandatory Construction and/or Modification)

43.  Defendants are not obligated to remove the barriers alleged in this action to the extent that the structures at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

**NINTH AFFIRMATIVE DEFENSE**

(Removal of Architectural Barriers Not Readily Achievable)

44.  Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because the removal of such alleged architectural barriers was not readily achievable.

**TENTH AFFIRMATIVE DEFENSE**

(Undue Hardship)

45.  Insofar as Defendants have not made the alterations to the facility at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue hardship upon Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Structural Modifications Made/Duties Met)

46.  Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because Defendants have made all readily achievable and otherwise legally-required modifications to their existing structure.  Moreover, any other measures required, if any, to bring Defendants' structure into compliance with applicable disability access laws are not readily achievable and/or Defendants did not – and do not – have a duty to achieve such compliance.

**TWELFTH AFFIRMATIVE DEFENSE**

(Building Permits)

47.  The FAC and all claims alleged therein are barred by the issuance by local

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

building authorities of appropriate building permits and certificates of occupancy for the facility at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Good Faith Reliance Upon Local Building Authorities)

48. The FAC, and each and every claim for relief alleged therein, is barred by Defendants' good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and certificates of occupancy for the facility at issue.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Privilege)

49. Defendants' conduct has at all times been privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

### FIFTEENTH AFFIRMATIVE DEFENSE

(No Statutory Obligation)

50. Defendants are excused from having made, or making, any of the architectural changes referenced in the FAC because the laws in question excuse performance under such circumstances.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Defendants Provided Services Via Alternative Methods)

51. Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because Defendants accommodated Plaintiff's alleged disability by providing services via alternative methods other than the removal of alleged architectural barriers.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Compliance With Disability Access Laws)

52. Any allegedly wrongful acts or omissions by Defendants or their agents, if there were any, do not subject Defendants to liability because Defendants have complied

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

with all applicable disability access laws and have met the readily-achievable and readily-accessible alteration standards to their existing structure.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Discharge Conditions Precedent)

53. Plaintiff is not entitled to bring and/or recover on this action in that she has failed to discharge each of the conditions precedent to suit, including, without limitation, her failure to exhaust available administrative remedies.

### NINETEENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

54. In acting in the manner that she did, Plaintiff unnecessarily assumed the risk that she would suffer the damages sought in this action.

### TWENTIETH AFFIRMATIVE DEFENSE

(Superseding and/or Intervening Cause)

55. To the extent that Plaintiff alleges that her purported damages were somehow triggered by the acts or omissions of Defendants, there existed a superseding and/or intervening cause for such damages for which Defendants bear no obligation, responsibility, or liability.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Comparative Negligence)

56. Plaintiff's alleged damages and the occurrences alleged in the FAC were caused by the negligence and/or fault of other persons or entities, whether or not parties to this action, and Defendants' alleged liability should be reduced accordingly.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Estoppel)

57. The FAC, and each and every claim for relief alleged therein, is barred because Plaintiff is estopped from seeking recovery from Defendants because, among other things, Plaintiff has acted in a manner inconsistent with having enforceable rights against Defendants.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Waiver)

58. The FAC, and each and every claim for relief alleged therein, is barred because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the FAC.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

59. The FAC, and each and every claim for relief alleged therein, is barred because any actions taken by Defendants with respect to Plaintiff were for legitimate business reasons unrelated to Plaintiff's alleged disability.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Good Faith)

60. Defendants and their agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known at the time that such actions were taken. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Damages)

61. Defendants are informed and believe and based thereon alleges that Plaintiff has not suffered any damage as a result of any actions taken by Defendants, and Plaintiff is thereby barred from asserting any claim against Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Cal. Civ. Code § 51)

62. Plaintiff is barred from recovery under Section 51 of the California Civil Code because said section does not apply to the alleged conduct at issue.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Cal. Civ. Code §§ 52, 54.3(a))

63. Plaintiff is not entitled to recover the damages sought in the FAC because

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

her admittance to and enjoyment of the facilities in question was not denied or interfered with by Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(No Duplicative Damages – Cal. Civ. Code §§ 51, 52, 54.1, 54.3(c))

64. Plaintiff is barred from recovering damages or securing other relief under Sections 51 and 52 of the California Civil Code, on the one hand, and Sections 54.1 and 54.3 of the California Civil Code, on the other hand, for the same alleged act or failure to act.

## THIRTIETH AFFIRMATIVE DEFENSE

(No Damages – Cal. Health & Safety Code § 19955)

65. Plaintiff is not entitled to recover damages for any alleged violations of Section 19955 of the California Health and Safety Code.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(No Treble Damages)

66. Plaintiff is not entitled to seek or recover treble damages against Defendants for any of the claims for relief alleged in the FAC, nor has Plaintiff alleged facts establishing a lawful basis for the award of treble damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Treble Damages Unconstitutional)

67. Plaintiff is not entitled to recover treble damages under the FAC because such an award would violate Defendants' rights under the Constitution of the United States of America and the Constitution of the State of California, including but not limited to, Defendants' rights to (1) procedural due process under the Constitution of the State of California and the Fourteenth Amendment to the Constitution of the United States of America; (2) protection from excessive fines as provided in the Eighth Amendment to the Constitution of the United States of America, and Article I, Section 17 of the Constitution of the State of California; and (3) substantive due process provided in the Constitution of the State of California and the Fifth and Fourteenth Amendments to the Constitution of the

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328

United States of America.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(No Right to Attorneys' Fees or Costs)

68. Plaintiff is not entitled to recovery of attorneys' fees or costs from Defendants as alleged in the FAC. In the alternative, to the extent that Plaintiff is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent they were not reasonably incurred or were incurred at an excessive rate.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Recovery of Prevailing Party Attorneys' Fees or Costs)

69. Pursuant to 42 U.S.C. § 12205, in the event that Defendants prevail in this action, Defendants should be awarded their reasonable attorneys' fees and costs incurred in defending this action.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(No Irreparable Harm)

70. Plaintiff is not entitled to any injunctive, declaratory, or other equitable relief because she has not suffered any irreparable harm.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

71. Plaintiff failed properly to mitigate her alleged damages and therefore is precluded from recovering those alleged damages.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

72. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until Defendants have an opportunity to complete discovery. Therefore, Defendants incorporate all such affirmative defenses as though fully set forth herein.

///

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

73. Defendants allege all other defenses that may potentially become available as a result of information developed through discovery or trial.

WHEREFORE, having fully answered Plaintiff's FAC, Defendants pray for relief as follows:

1. That Plaintiff take nothing by her FAC;

2. That the FAC be dismissed, in its entirety, with prejudice;

3. That judgment be entered in Defendants' favor and against Plaintiff;

4. That Defendants be awarded their costs of suit;

5. That Defendants be awarded their attorneys' fees; and

6. That Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: October 19, 2007

Stacey L. Herter
Jesse E.M. Randolph
**BRYAN CAVE LLP**

By: /s/ Stacey L. Herter
Attorneys for Defendants WESTIN BAY HOTEL REALTY LLC and STARWOOD HOTELS & RESORTS WORLDWIDE, INC.

Bryan Cave LLP
1900 Main Street, Suite 700
Irvine, California 92614-7328