1   PAUL L. REIN, Esq. (SBN 43053)
    JULIE OSTIL, Esq. (SBN 215202)
2   ANN WINTERMAN, Esq. (SBN 222257)
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Dr., Suite A
    Oakland, CA 94612
4   (510) 832-5001

5   Attorneys for Plaintiff
6   CONNIE ARNOLD

7   STACEY L. HERTER, Esq. (SBN 185366)
    JESSE E.M. RANDOLPH, Esq. (SBN 221060)
8   BRYAN CAVE LLP
    1900 Main Street, Suite 700
9   Irvine, California 92614-7328
    Tel:   (949) 223-7000
10  Fax:   (949) 223-7100

11  Attorneys for Defendants
    WESTIN BAY HOTEL REALTY LLC, and
12  STARWOOD HOTELS & RESORTS WORLDWIDE, INC.

13

14              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
15

16  CONNIE ARNOLD,                    CASE NO. C07-3279 JCS
                                      Civil Rights
17           Plaintiff,

18  v.                               **CONSENT DECREE AND
                                     [PROPOSED] ORDER**
19
    WESTIN BAY HOTEL REALTY
20  LLC; STARWOOD HOTELS &
    RESORTS WORLDWIDE, INC.;
21  and DOES 1-25, Inclusive,

22           Defendants.

23

24

25

26

27

28

## CONSENT DECREE AND ORDER

1.      Plaintiff CONNIE ARNOLD filed a First Amended Complaint (the "Complaint") in this action on October 4, 2007, pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. and related California civil rights laws, to obtain recovery of injunctive relief and damages for her alleged discriminatory experience, alleged denial of access, and alleged denial of her civil rights at the Westin Hotel San Francisco Airport during Plaintiff's stay of September 25-27, 2005, and continuing.  Plaintiff has alleged that Defendants WESTIN BAY HOTEL REALTY LLC and STARWOOD HOTELS & RESORTS WORLDWIDE, INC. violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 et seq., of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Westin Hotel San Francisco Airport, 1 Old Bayshore Highway, Millbrae, California.

2.      Defendants WESTIN BAY HOTEL REALTY LLC; STARWOOD HOTELS & RESORTS WORLDWIDE, INC., deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any fault or liability.

## JURISDICTION:

3.      The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the ADA.  Plaintiff asserts and Defendants agree for purposes of this Consent Decree only that the Court has  supplemental jurisdiction over Plaintiff's claims of alleged violations of California Health & Safety Code §19955 et seq., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4.      In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5.      This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6.      The parties agree and stipulate that the work addressed herein will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a)      Remedial Measures: The work agreed upon by the parties is attached hereto as **Attachment A**. Defendants agree to undertake all of the work set forth therein.

b)      Timing of Injunctive Relief: **Attachment A** hereto also includes the estimated timeframes for completing the work described therein. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon work within the estimated timeframes set forth in **Attachment A**, Defendants or their counsel will notify Plaintiff's counsel in writing within 15

1    days of discovering the difficulties. Defendants or their counsel will notify

2    Plaintiff's counsel when the work is completed, and in any case will provide a

3    status report no later than 120 days from the entry of this Consent Decree.

4    **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

5        7.    The parties have not reached an agreement regarding Plaintiff's claims for

6    damages, attorney fees, litigation expenses and costs. These issues shall be the subject

7    of further negotiation, litigation, and/or motions to the Court. Should the parties later

8    reach an agreement regarding Plaintiff's claims for damages, attorney fees, litigation

9    expenses, and costs, the terms of that agreement will be set forth in a separate settlement

10    agreement.

11    

12    **ENTIRE CONSENT ORDER:**

13        8.    This Consent Decree and Order and Attachment A to this Consent Decree,

14    which is incorporated herein by reference as if fully set forth in this document,

15    constitutes the entire agreement between the signing parties on the matters of injunctive

16    relief, and no other statement, promise, or agreement, either written or oral, made by

17    any of the parties or agents of any of the parties, that is not contained in this written

18    Consent Decree and Order, shall be enforceable regarding the matters of injunctive

19    relief described herein. This Consent Decree and Order applies to Plaintiff's claims for

20    injunctive relief only and does not resolve Plaintiff's claims for damages, attorney fees,

21    litigation expenses and costs, which shall be the subject of further negotiation and/or

22    litigation.

23    

24    **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN**

25    **INTEREST:**

26        9.    This Consent Decree and Order shall be binding on Plaintiff CONNIE

27    ARNOLD; Defendants WESTIN BAY HOTEL REALTY LLC; STARWOOD

28    HOTELS & RESORTS WORLDWIDE, INC.; and any successors in interest. The

1   parties have a duty to so notify all such successors in interest of the existence and terms

2   of this Consent Decree and Order during the period of the Court's jurisdiction of this

3   Consent Decree and Order.

4   **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO**

5   **INJUNCTIVE RELIEF ONLY:**

6

7         10.   Each of the parties to this Consent Decree understands and agrees that

there is a risk and possibility that, subsequent to the execution of this Consent Decree,

8

9   any or all of them will incur, suffer, or experience some further loss or damage with

10   respect to the Lawsuit which are unknown or unanticipated at the time this Consent

11   Decree is signed.  Except for all obligations required in this Consent Decree, the parties

12   intend that this Consent Decree apply to all such further loss with respect to the

13   Lawsuit, except those caused by the parties subsequent to the execution of this Consent

14   Decree. Therefore, except for all obligations required in this Consent Decree, this

15   Consent Decree shall apply to and cover any and all claims, demands, actions and

16   causes of action by the parties to this Consent Decree with respect to the Lawsuit,

17   whether the same are known, unknown or hereafter discovered or ascertained, and the

18   provisions of Section 1542 of the California Civil Code are hereby expressly waived.

19   Section 1542 provides as follows:

20          A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

21

22          CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

23          FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF

24          KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS

25          OR HER SETTLEMENT WITH THE DEBTOR.

26   This waiver applies to the injunctive relief aspects of this action only and does not

27   include resolution of Plaintiff's claims for damages, attorney fees, litigation expenses

28   and costs, which, as described above in Paragraph 7, the parties will negotiate and/or

1  litigate separately.

2      11.    Except for all obligations required in this Consent Decree, and exclusive

3  of the referenced continuing claims for damages, statutory attorney fees, litigation

4  expenses and costs (as discussed above in Paragraph 7), each of the parties to this

5  Consent Decree, on behalf of each, their respective agents, representatives,

6  predecessors, successors, heirs, partners and assigns, releases and forever discharges

7  each other Party and all agents, representatives, predecessors, successors, parent

8  entities, subsidiaries, subdivisions, affiliates, related business entities, directors, officers,

9  shareholders, stockholders, joint venturers, fiduciaries, attorneys, employees, heirs,

10  representatives, partners and assigns of each other Party, from all claims, demands,

11  actions, and causes of action of whatever kind or nature, presently known or unknown,

12  arising out of or in any way connected with the Lawsuit.

13

14  **TERM OF THE CONSENT DECREE AND ORDER:**

15      12.    This Consent Decree and Order shall be in full force and effect for a

16  period of twelve (12) months after the date of entry of this Consent Decree and Order,

17  or until the injunctive relief contemplated by this Order is completed, whichever occurs

18  later. The Court shall retain jurisdiction of this action to enforce provisions of this

19  Order for twelve (12) months after the date of this Consent Decree, or until the

20  injunctive relief contemplated by this Order is completed, whichever occurs later.

21  **SEVERABILITY:**

22      13.    If any term of this Consent Decree and Order is determined by any court

23  to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless

24  remain in full force and effect.

25

26  **SIGNATORIES BIND PARTIES:**

27      14.    Signatories on behalf of the parties represent that they are authorized to

28  bind the parties to this Consent Decree and Order. This Consent Decree and Order may

1    be signed in counterparts and a facsimile signature shall have the same force and effect

2    as an original signature.

3

4    Dated: July 25, 2008

5                                                    Plaintiff CONNIE ARNOLD

6

7    Dated: July      , 2008

8

9                                                    Defendant WESTIN BAY HOTEL REALTY,
                                                     LLC
10

11                                                   By Starwood Checkmate Holdings LLC, its
                                                     sole member,
12

13                                                   By Starwood Hotels & Resorts Worldwide,
                                                     Inc., its sole member
14

15   Dated: July      , 2008

16

17                                                   Defendant STARWOOD HOTELS &
                                                     RESORTS WORLDWIDE, INC.
18

19   APPROVED AS TO FORM:

20   Dated: July 28, 2008

21                                                   PAUL L. REIN
                                                     JULIE A. OSTIL
22                                                   ANN WINTERMAN
                                                     LAW OFFICES OF PAUL L. REIN
23

24

25

26                                                   Attorneys for Plaintiff
                                                     CONNIE ARNOLD
27

28

1   be signed in counterparts and a facsimile signature shall have the same force and effect

2   as an original signature.

3

4   Dated: July ___, 2008

5   _____
    Plaintiff CONNIE ARNOLD

6

7   Dated: July ___, 2008

8   Defendant WESTIN BAY HOTEL REALTY,
    LLC

9

10  By Starwood Checkmate Holdings LLC, its
    sole member,

11

12  By Starwood Hotels & Resorts Worldwide, Inc.,
    its sole member

13

14  _____

15

16

17  Dated: July ___, 2008

18  _____
    Defendant STARWOOD HOTELS &
19  RESORTS WORLDWIDE, INC.

20

21

22  APPROVED AS TO FORM:

23  Dated: July ___, 2008    PAUL L. REIN
    JULIE A. OSTIL
24  ANN WINTERMAN
    LAW OFFICES OF PAUL L. REIN

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Plaintiff
CONNIE ARNOLD

Dated: July 28, 2008

STACEY L. HERTER
JESSE E.M. RANDOLPH
BRYAN CAVE LLP

_____
Attorney for Defendants
WESTIN BAY HOTEL REALTY LLC;
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

8

c:\documents and setting\dhard.arnold\local setting\temporary internet files\olk32b2y\ed20.doc

1

## **ORDER**

2

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

3

4

Dated: _____

5

                                   _____
Honorable Joseph C. Spero
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

9

s:\jrises\rel\wardia.html\pleadings\consent decree worsta - final.doc

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| **1. Public Parking/Exterior Paths of Travel** | |
| a. The Hotel will group together a total of eight (8) accessible parking spaces, two (2) of which will be van accessible spaces. These parking spaces will comply in all respects with California's Title 24 and the federal ADAAG regulations. As guests enter the Hotel's parking lot (off Old Bayshore Highway, on the eastern edge of the property), these parking spaces will be located to the left, across from the sidewalk leading to the ballroom and hotel entrances. | 90 days |
| b. An accessible curb ramp will be cut into the sidewalk directly across from the new accessible parking spaces. This curb ramp will provide guests who use accessible parking spaces with a path of travel to the Hotel's main Porte Cochere and Ballroom entrances. | 90 days |
| c. The Hotel will fill in any cracks in the sidewalk on the path leading to the picnic area. | 30 days |
| d. The Hotel will arrange trashcans on walkways along the Hotel's exterior to provide a 36 inch-wide path of travel on all exterior sidewalks. | Immediately |
| **2. Exterior Doors** | |
| a. The Hotel will install an automatic door opener at one of the entrance doors at each location referenced in Section 1.b above. | 6 months (although 9 months is acceptable if any previously-unforeseen difficulties arise) |

---

[1] All deadlines set forth herein are from the date of the Court's approval of the parties' Consent Decree and Order.

1

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| b. The Hotel will install ISA decal signage on both sides of the automatic doors referenced in Section 2.a. above. | 6 months (concurrent with the installation of the automatic door opener described immediately above) |
| c. The Hotel will provide ISA directional signage at all non-accessible public entrances indicating the location of the nearest accessible entrance. | 6 months (concurrent with the installation of the automatic door opener described above) |
| **3. Interior Doors** | |
| a. The Hotel will remove all obstructions projecting from beyond the surface of the bottom 10 inches of interior public use doors. | 30 days |
| b. The Hotel will adjust interior public use doors to require no more than 5 pounds of force to open. The parties acknowledge that, due to heating and cooling of the property, air pressure changes may occur to alter the amount of pressure required to open these doors. The Hotel agrees to check interior doors every six months to confirm they still require no more than 5 pounds of pressure to operate. The parties also recognize that fire-rated doors are required to be capable of latching shut independently. The Hotel agrees to adjust the pressure on these doors to not more than needed to permit their independently closing. | 30 days if only minor adjustments to existing doors or hardware are required<br><br>90 days if replacement of existing doors or hardware is required |
| **4. Reservations/Airline Ticketing Counter** | |
| a. The Hotel will either staff an employee full time at the airline ticketing counter, provide for a folding alternate desk, or discontinue the public use of the airline ticketing counter. | Immediately |

C062189/0211654/1488503.6

ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| b. The Hotel will install a section of counter between the two present existing counters at the main reception desk that is at least 36 inches long and no higher than 34 inches above the finished floor. | 90 days |
| **5. Sunken Lobby Area** | |
| a. The Hotel will ensure that the handrail on north side of the upper section of the ramp leading down into sunken lobby area is maintained in good repair. | Immediately |
| b. The Hotel will mount the handrail on east side of lower section of the ramp leading down into sunken lobby area between 34 and 38 inches above the ramp surface. | Immediately |
| c. The Hotel will rearrange the furniture in the sunken lobby area to provide a 36 inch-wide path of travel from the ramp to the pool area entry door, the computer terminal desks, and the seating area. | Immediately |
| d. The Hotel will position an accessible table in the sunken lobby area such that a person seated at the table in a wheelchair will not block the accessible path of travel. | As a temporary measure, the Hotel will raise the existing table in the sunken lobby area immediately<br><br>The Hotel will, within 3 months, locate and install a new, accessible table. If, during this time, the Hotel is unable to locate a suitable permanent accessible table, the Hotel will locate and install a temporary accessible table while it attempts to locate and obtain a suitable permanent table |

3

**ATTACHMENT A**

| **Remediation Measure** | **Deadline**[1] |
|---|---|
| **6. Swimming Pool** | |
| a. The Hotel will install ADAAG and Title 24 complaint handrails on both sides of the exterior stairs (located on the west side of the facility) leading down into the interior swimming pool area. | 30 days |
| b. The Hotel will re-mount the emergency controls in the swimming pool area (e.g., shut-off valve) to a maximum 48 inches above the finished floor. | 30 days |
| c. The Hotel will re-mount the house phone in swimming pool area to a maximum 48 inches above the finished floor. | 30 days |
| d. The Hotel will provide a portable device for use by persons with mobility impairments in gaining access into the pool and Jacuzzi. The model used will be an IGAT 180 (or substantially similar model from Aquatic Access). | 6 months (subject to availability)  The Hotel will order the lift from Aquatic Access, however, within 30 days |
| e. The Hotel will provide signage advising guests of the availability of the portable lift device referenced in 6.d, and staff will be trained to react promptly (within 15 minutes) to requests for assistance with the device during hours in which the pool is available to guests. | Upon installation of the portable device referenced in 6.d |
| f. The Hotel will lower emergency equipment (e.g., life preservers, rescue hooks) to no more than 48 inches above the finished floor. | 30 days |
| **7. Public Payphones** | |
| a. The Hotel will remove all public payphones. | Immediately |
| **8. Restaurant/Cocktail Lounge** | |

4

**ATTACHMENT A**

| Remediation Measure | Deadline[1] |
|---|---|
| a. The Hotel will provide two accessible tables in the *Alfiere* restaurant, which will be located on an accessible path of travel. | The Hotel will install <u>temporary</u> accessible tables within 90 days<br><br>Permanent accessible tables will be installed during the course of the Hotel's separately-planned restaurant renovation (which is scheduled to occur within the next 12 months) |
| b. The Hotel will provide one accessible table in the cocktail lounge, and will provide full bar and food service at this table. | The Hotel will install a <u>temporary</u> accessible table within 90 days<br><br>A <u>permanent</u> accessible table will be installed during the course of the Hotel's separately-planned cocktail lounge renovation (which is scheduled to occur within the next 12 months) |
| **9. Business Center** | |
| a. The Hotel will provide one accessible workstation on an accessible route. | 30 days |
| b. For guests with disabilities who wish to use safe deposit boxes (which are located in a separate, smaller room within the business center), the Hotel will institute a policy whereby safe deposit boxes are brought directly to the guests (either to the lowered section of the reservations desks or directly to their room, at the option of the guest). | Immediately |

C062189/0211654/1488503.6

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| c. If the current photocopy machine does not already comply, the Hotel agrees, upon the expiration of the present lease, to lease a photocopy machine at the next available lease period, with the machine controls located within an accessible reach range consistent with ADAAG section 4.34.3. | Per terms of existing lease |
| **10. Fitness Center** | |
| a. The Hotel will rearrange exercise equipment to allow a 36" wide path of travel throughout the exercise area. | 30 days |
| b. The Hotel will re-mount (i.e., lower) the paper cup dispenser and paper towel holder located in the exercise area to no more than 48" above the finished floor. | 30 days |
| c. The Hotel will install a house phone in the exercise area for guests who require assistance in using either the TV or DVD player and will institute a policy, including training of hotel staff that such requests must be responded to within 10 minutes. | 30 days |
| d. The Hotel will remove the furniture obstructing the maneuvering clearance at the interior door leading from the fitness center's internal foyer area into the men's restroom. | Immediately |
| e. Regarding the inner door leading from the corridor into the fitness center, the Hotel will either (i) reverse the swing of the door, or (ii) provide a two-way swinging door, or (iii) remove the door. | 30 days |
| f. Regarding the door from the exterior corridor leading to the fitness center, the Hotel will provide a compliant lever-type handle or push/pull type hardware that is capable of use without pinching, twisting, or grasping and a compliant kick plate. | 6 months<br><br>In the meantime, the Hotel will post a sign near the current exterior door leading to the fitness center directing guests who require assistance to a nearby house phone |

6

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
| --- | --- |
| **11. Public Restrooms** | |

7

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| a. At each of the public restrooms serving the Lobby/Entry area, serving the Conference Center and serving the Fitness Center, the Hotel will make modifications as listed below. | Unless otherwise specifically indicated below, all deadlines related to agreed-upon public restroom modifications shall proceed in stages, and in accordance with the following timeframes:<br><br>(i) Design – 90 days from entry of the Consent Decree and Order<br><br>(ii) Permitting – the Hotel will seek to obtain all necessary permits from the City of Millbrae within 15 days of completion of design plans<br><br>(iii) Procurement – 90 days from receipt of permits from the City of Millbrae<br><br>(iv) Construction – 90 days from the receipt of materials needed for project |
| | |
| b. The Hotel will ensure that there is a fully compliant accessible stall in each restroom, including, but not limited, to the following: side transfer space of 32 inches minimum in accessible stalls in the men's and women's public restrooms. The centerlines of the toilets in these accessible stalls will be 18 inches from a side wall. The seat height for each of these toilets will be between 17 and 19 inches high. | See design / permitting / procurement / construction schedule described above |

8

C062189/0211654/1488503.6

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| c. The Hotel will install automatic door openers at the Lobby/Entry and Conference Center area Men's and Women's restrooms. Paddle controls for the automatic doorways will be within compliant reach ranges. | See design / permitting / procurement / construction schedule described above |
| d. In each of these restrooms, the Hotel will ensure that hand dryers, sanitary seat covers, coat hooks, paper towel dispensers, soap dispensers are located no more than 40 inches above the finished floor. | 30 days |
| e. In each of these restrooms, the Hotel will ensure that grab bars are mounted at accessible heights (i.e., 33 to 36 inches above the finished floor). | 60 days |
| f. The Hotel will provide ADA and Title 24 signage for each of these restrooms. | Upon completion of the public restroom renovations described herein |
| g. The Hotel will insulate drain pipes and hot water feeds beneath sinks in each of these restrooms. | 30 days |
| h. In restrooms where there is no mirror with a bottom reflecting surface 40 inches or less above the finished floor, the Hotel will install such a mirror. | 90 days |
| i. The Hotel will provide a self-closing device on the doors to each accessible stall. | See design / permitting / procurement / construction schedule described above |
| j. The Hotel will remove any shelves or other obstructions above grab bars. | 30 days |

9

C062189/0211654/1488503.6

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| **12. Guestrooms** | Unless otherwise specifically indicated below, all deadlines related to agreed-upon guestroom modifications shall proceed in stages, and in accordance with the following timeframes:<br><br>(i) Design – 90 days from entry of the Consent Decree and Order<br><br>(ii) Permitting – the Hotel will seek to obtain all necessary permits from the City of Millbrae within 15 days of completion of design plans<br><br>(iii) Procurement – 90 days from receipt of permits from the City of Millbrae<br><br>(iv) Construction – 90 days from the receipt of materials needed for project |

10

**ATTACHMENT A**

| Remediation Measure | Deadline[1] |
|---|---|
| a. Of its 397 guestrooms, the Hotel will provide 12 accessible guestrooms as follows:<br><br>i. Four (4) of the 12 accessible guestrooms will have bathrooms with roll-in showers.<br><br>ii. Nine (9) of the accessible guestrooms will have two double beds. Of these rooms, two (2) will have roll-in showers.<br><br>iii. Two (2) of the accessible guestrooms will have king size beds. Of these rooms, one (1) will have a roll-in shower.<br><br>iv. One (1) suite will have an adjoining accessible sleeping room with a bathroom containing a roll-in shower. | As to ensuring the dispersion of guestrooms, items (i), (ii), and (iii) will be completed immediately.<br><br>As to (iv), the design / permitting / procurement / construction schedule described above will be followed |
| b. In each guestroom bathroom, the Hotel will modify all lavatory fixtures so that they: (i) have 30 inch wide clear floor space underneath the fixture, (ii) are mounted at a maximum height of 34 inches (to the bowl rim), provide a 29" high kneespace at the front face of the fixture while providing a minimum 27 inch high knee clearance for a minimum 8 inches of depth underneath the front edge (excluding overflow) and 17 inches deep toe clearance; and (iii) have lever-type faucet controls and insulated pipes. | See design / permitting / procurement / construction schedule described above |
| c. In each guestroom bathroom, the Hotel will modify water closet tanks where needed so that the flush valve is located on the open side of the tank. | See design / permitting / procurement / construction schedule described above |
| d. In each guestroom bathroom, the Hotel will relocate towel and amenities shelves, artwork, and mirrors so as to not obstruct water closet grab bars; specifically, so that a minimum of 12 inches of clear space is provided above the grab bars and a minimum of 1.5 inches of clear space is provide below the grab bars. | See design / permitting / procurement / construction schedule described above |
| e. In each guestroom bathroom, the Hotel will relocate toilet paper dispensers (where necessary) to be centered horizontally between 7 and 9 inches from the front edge of the water closet and to be centered a minimum 19 inches high vertically above the floor. | See design / permitting / procurement / construction schedule described above |

11

**ATTACHMENT A**

| Remediation Measure | Deadline[1] |
|---|---|
| f. In each guestroom bathroom with a roll-in shower, the Hotel will relocate the controls and handheld shower devices in such showers within 24 inches of the fold-down seat rear wall. | See design / permitting / procurement / construction schedule described above |
| g. In each guestroom bathroom with a tub enclosure, the Hotel will relocate the shower controls beneath the grab bar (towards the outer edge of the tub), and add a handheld shower head with a diverter valve. | See design / permitting / procurement / construction schedule described above |
| h. The Hotel will lower the security latches affixed to guestroom doors to 45 inches (or as close as possible to 45 inches) above the finished floor. The Hotel will do so by re-mounting the security latches so that the bottom edge of the security latch is mounted immediately above the top edge of the existing guestroom door lock mechanism. | 30 days |
| i. The Hotel will ensure that HVAC thermostats in all accessible guestrooms are mounted at a maximum of height of 48 inches to the highest operable mechanism. | See design / permitting / procurement / construction schedule described above |
| j. The Hotel will modify the workstations in accessible guestrooms so that a portion provides accessible knee/toe clearance. | See design / permitting / procurement / construction schedule described above |
| k. The Hotel will add loop pulls to each bed nightstand drawer. | 30 days |
| l. The Hotel will modify or change the desk and bed table lamps to include a rocker or similar toggle switch and an electrical outlet in the base. | 30 days |

12

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| m. The Hotel will relocate the room safes in the armoires to the next higher shelf so as to have the entire unit between 19 and 48 inches above the floor. | 30 days |
| n. The Hotel will remove the chair ottomans from each accessible room. | Immediately |
| o. The Hotel will rearrange furniture in each accessible guestroom to ensure 36 inch paths of travel throughout the room, including at the sides of king beds and between double beds. | 90 days if rearrangement of furniture is required<br><br>6 months if moving wall-mounted beds (and related repair work) is required |
| p. The Hotel will provide lowered peepholes at 42 inches above the finished floor. | See design / permitting / procurement / construction schedule described above |
| q. The Hotel will lower light switches so no operable part is higher than 48 inches above the finished floor. | See design / permitting / procurement / construction schedule described above |
| r. In rooms that do not contain a mirror with a reflecting surface 40 inches above the finished floor or lower, the Hotel will provide such a mirror. | Immediately |
| **13. Conference Center** | |

C062189/0211654/1488503.6

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| a. The Hotel will provide a portable ramp for the 24" high stage that will be deployed upon request. | Immediately (subject to availability)<br><br>The Hotel will order the ramp within 30 days of entry of the Consent Decree and Order |
| b. The Hotel will provide a cup dispenser at the drinking fountain in the conference center or will replace the fountain with an accessible unit. | 30 days |
| **14. Reservations Policy for Accessible Rooms** | |
| a. The Hotel will implement a policy whereby non-disabled guests are permitted to rent accessible guestrooms, but only when accessible guestrooms are the only guestrooms in the Hotel that remain available. | Immediately |
| **15. Gift Shop Policy** | |
| a. The Hotel will provide signage on the counter in the gift shop indicating that assistance is available upon request for individuals with disabilities. The Hotel also will provide gift shop staff with training in providing such assistance. | Immediately |

14

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| **1. Public Parking/Exterior Paths of Travel** | |
| a. The Hotel will group together a total of eight (8) accessible parking spaces, two (2) of which will be van accessible spaces. These parking spaces will comply in all respects with California's Title 24 and the federal ADAAG regulations. As guests enter the Hotel's parking lot (off Old Bayshore Highway, on the eastern edge of the property), these parking spaces will be located to the left, across from the sidewalk leading to the ballroom and hotel entrances. | 90 days |
| b. An accessible curb ramp will be cut into the sidewalk directly across from the new accessible parking spaces. This curb ramp will provide guests who use accessible parking spaces with a path of travel to the Hotel's main Porte Cochere and Ballroom entrances. | 90 days |
| c. The Hotel will fill in any cracks in the sidewalk on the path leading to the picnic area. | 30 days |
| d. The Hotel will arrange trashcans on walkways along the Hotel's exterior to provide a 36 inch-wide path of travel on all exterior sidewalks. | Immediately |
| **2. Exterior Doors** | |
| a. The Hotel will install an automatic door opener at one of the entrance doors at each location referenced in Section 1.b above. | 6 months (although 9 months is acceptable if any previously-unforeseen difficulties arise) |

---

[1] All deadlines set forth herein are from the date of the Court's approval of the parties' Consent Decree and Order.

C062189/0211654/1488503.6

# ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| b. The Hotel will install ISA decal signage on both sides of the automatic doors referenced in Section 2.a. above. | 6 months (concurrent with the installation of the automatic door opener described immediately above) |
| c. The Hotel will provide ISA directional signage at all non-accessible public entrances indicating the location of the nearest accessible entrance. | 6 months (concurrent with the installation of the automatic door opener described above) |
| **3. Interior Doors** | |
| a. The Hotel will remove all obstructions projecting from beyond the surface of the bottom 10 inches of interior public use doors. | 30 days |
| b. The Hotel will adjust interior public use doors to require no more than 5 pounds of force to open. The parties acknowledge that, due to heating and cooling of the property, air pressure changes may occur to alter the amount of pressure required to open these doors. The Hotel agrees to check interior doors every six months to confirm they still require no more than 5 pounds of pressure to operate. The parties also recognize that fire-rated doors are required to be capable of latching shut independently. The Hotel agrees to adjust the pressure on these doors to not more than needed to permit their independently closing. | 30 days if only minor adjustments to existing doors or hardware are required<br><br>90 days if replacement of existing doors or hardware is required |
| **4. Reservations/Airline Ticketing Counter** | |
| a. The Hotel will either staff an employee full time at the airline ticketing counter, provide for a folding alternate desk, or discontinue the public use of the airline ticketing counter. | Immediately |

2

ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| b. The Hotel will install a section of counter between the two present existing counters at the main reception desk that is at least 36 inches long and no higher than 34 inches above the finished floor. | 90 days |
| **5. Sunken Lobby Area** | |
| a. The Hotel will ensure that the handrail on north side of the upper section of the ramp leading down into sunken lobby area is maintained in good repair. | Immediately |
| b. The Hotel will mount the handrail on east side of lower section of the ramp leading down into sunken lobby area between 34 and 38 inches above the ramp surface. | Immediately |
| c. The Hotel will rearrange the furniture in the sunken lobby area to provide a 36 inch-wide path of travel from the ramp to the pool area entry door, the computer terminal desks, and the seating area. | Immediately |
| d. The Hotel will position an accessible table in the sunken lobby area such that a person seated at the table in a wheelchair will not block the accessible path of travel. | As a temporary measure, the Hotel will raise the existing table in the sunken lobby area immediately<br><br>The Hotel will, within 3 months, locate and install a new, accessible table. If, during this time, the Hotel is unable to locate a suitable permanent accessible table, the Hotel will locate and install a temporary accessible table while it attempts to locate and obtain a suitable permanent table |

C062189/0211654/1488503.6

## ATTACHMENT A

| **Remediation Measure** | **Deadline**[1] |
|---|---|
| **6. Swimming Pool** | |
| a. The Hotel will install ADAAG and Title 24 complaint handrails on both sides of the exterior stairs (located on the west side of the facility) leading down into the interior swimming pool area. | 30 days |
| b. The Hotel will re-mount the emergency controls in the swimming pool area (e.g., shut-off valve) to a maximum 48 inches above the finished floor. | 30 days |
| c. The Hotel will re-mount the house phone in swimming pool area to a maximum 48 inches above the finished floor. | 30 days |
| d. The Hotel will provide a portable device for use by persons with mobility impairments in gaining access into the pool and Jacuzzi. The model used will be an IGAT 180 (or substantially similar model from Aquatic Access). | 6 months (subject to availability) <br><br> The Hotel will order the lift from Aquatic Access, however, within 30 days |
| e. The Hotel will provide signage advising guests of the availability of the portable lift device referenced in 6.d, and staff will be trained to react promptly (within 15 minutes) to requests for assistance with the device during hours in which the pool is available to guests. | Upon installation of the portable device referenced in 6.d |
| f. The Hotel will lower emergency equipment (e.g., life preservers, rescue hooks) to no more than 48 inches above the finished floor. | 30 days |
| **7. Public Payphones** | |
| a. The Hotel will remove all public payphones. | Immediately |
| **8. Restaurant/Cocktail Lounge** | |

4

# ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| a. The Hotel will provide two accessible tables in the *Alfiere* restaurant, which will be located on an accessible path of travel. | The Hotel will install <u>temporary</u> accessible tables within 90 days<br><br><u>Permanent</u> accessible tables will be installed during the course of the Hotel's separately-planned restaurant renovation (which is scheduled to occur within the next 12 months) |
| b. The Hotel will provide one accessible table in the cocktail lounge, and will provide full bar and food service at this table. | The Hotel will install a <u>temporary</u> accessible table within 90 days<br><br>A <u>permanent</u> accessible table will be installed during the course of the Hotel's separately-planned cocktail lounge renovation (which is scheduled to occur within the next 12 months) |
| **9. Business Center** | |
| a. The Hotel will provide one accessible workstation on an accessible route. | 30 days |
| b. For guests with disabilities who wish to use safe deposit boxes (which are located in a separate, smaller room within the business center), the Hotel will institute a policy whereby safe deposit boxes are brought directly to the guests (either to the lowered section of the reservations desks or directly to their room, at the option of the guest). | Immediately |

5

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| c. If the current photocopy machine does not already comply, the Hotel agrees, upon the expiration of the present lease, to lease a photocopy machine at the next available lease period, with the machine controls located within an accessible reach range consistent with ADAAG section 4.34.3. | Per terms of existing lease |
| **10. Fitness Center** | |
| a. The Hotel will rearrange exercise equipment to allow a 36" wide path of travel throughout the exercise area. | 30 days |
| b. The Hotel will re-mount (i.e., lower) the paper cup dispenser and paper towel holder located in the exercise area to no more than 48" above the finished floor. | 30 days |
| c. The Hotel will install a house phone in the exercise area for guests who require assistance in using either the TV or DVD player and will institute a policy, including training of hotel staff that such requests must be responded to within 10 minutes. | 30 days |
| d. The Hotel will remove the furniture obstructing the maneuvering clearance at the interior door leading from the fitness center's internal foyer area into the men's restroom. | Immediately |
| e. Regarding the inner door leading from the corridor into the fitness center, the Hotel will either (i) reverse the swing of the door, or (ii) provide a two-way swinging door, or (iii) remove the door. | 30 days |
| f. Regarding the door from the exterior corridor leading to the fitness center, the Hotel will provide a compliant lever-type handle or push/pull type hardware that is capable of use without pinching, twisting, or grasping and a compliant kick plate. | 6 months<br><br>In the meantime, the Hotel will post a sign near the current exterior door leading to the fitness center directing guests who require assistance to a nearby house phone |

6

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| **11. Public Restrooms** | |

C062189/0211654/1488503.6

ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| a. At each of the public restrooms serving the Lobby/Entry area, serving the Conference Center and serving the Fitness Center, the Hotel will make modifications as listed below. | Unless otherwise specifically indicated below, all deadlines related to agreed-upon public restroom modifications shall proceed in stages, and in accordance with the following timeframes:<br><br>(i) Design – 90 days from entry of the Consent Decree and Order<br><br>(ii) Permitting – the Hotel will seek to obtain all necessary permits from the City of Millbrae within 15 days of completion of design plans<br><br>(iii) Procurement – 90 days from receipt of permits from the City of Millbrae<br><br>(iv) Construction – 90 days from the receipt of materials needed for project |
| | |
| b. The Hotel will ensure that there is a fully compliant accessible stall in each restroom, including, but not limited, to the following: side transfer space of 32 inches minimum in accessible stalls in the men's and women's public restrooms. The centerlines of the toilets in these accessible stalls will be 18 inches from a side wall. The seat height for each of these toilets will be between 17 and 19 inches high. | See design / permitting / procurement / construction schedule described above |

8

**ATTACHMENT A**

| Remediation Measure | Deadline[1] |
|---|---|
| c. The Hotel will install automatic door openers at the Lobby/Entry and Conference Center area Men's and Women's restrooms. Paddle controls for the automatic doorways will be within compliant reach ranges. | See design / permitting / procurement / construction schedule described above |
| d. In each of these restrooms, the Hotel will ensure that hand dryers, sanitary seat covers, coat hooks, paper towel dispensers, soap dispensers are located no more than 40 inches above the finished floor. | 30 days |
| e. In each of these restrooms, the Hotel will ensure that grab bars are mounted at accessible heights (i.e., 33 to 36 inches above the finished floor). | 60 days |
| f. The Hotel will provide ADA and Title 24 signage for each of these restrooms. | Upon completion of the public restroom renovations described herein |
| g. The Hotel will insulate drain pipes and hot water feeds beneath sinks in each of these restrooms. | 30 days |
| h. In restrooms where there is no mirror with a bottom reflecting surface 40 inches or less above the finished floor, the Hotel will install such a mirror. | 90 days |
| i. The Hotel will provide a self-closing device on the doors to each accessible stall. | See design / permitting / procurement / construction schedule described above |
| j. The Hotel will remove any shelves or other obstructions above grab bars. | 30 days |

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| **12. Guestrooms** | Unless otherwise specifically indicated below, all deadlines related to agreed-upon guestroom modifications shall proceed in stages, and in accordance with the following timeframes:<br><br>(i)  Design – 90 days from entry of the Consent Decree and Order<br><br>(ii)  Permitting – the Hotel will seek to obtain all necessary permits from the City of Millbrae within 15 days of completion of design plans<br><br>(iii) Procurement – 90 days from receipt of permits from the City of Millbrae<br><br>(iv) Construction – 90 days from the receipt of materials needed for project |

10

# ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| a. Of its 397 guestrooms, the Hotel will provide 12 accessible guestrooms as follows:<br><br>   i. Four (4) of the 12 accessible guestrooms will have bathrooms with roll-in showers.<br><br>   ii. Nine (9) of the accessible guestrooms will have two double beds. Of these rooms, two (2) will have roll-in showers.<br><br>   iii. Two (2) of the accessible guestrooms will have king size beds. Of these rooms, one (1) will have a roll-in shower.<br><br>   iv. One (1) suite will have an adjoining accessible sleeping room with a bathroom containing a roll-in shower. | As to ensuring the dispersion of guestrooms, items (i), (ii), and (iii) will be completed immediately.<br><br>As to (iv), the design / permitting / procurement / construction schedule described above will be followed |
| b. In each guestroom bathroom, the Hotel will modify all lavatory fixtures so that they: (i) have 30 inch wide clear floor space underneath the fixture, (ii) are mounted at a maximum height of 34 inches (to the bowl rim), provide a 29" high kneespace at the front face of the fixture while providing a minimum 27 inch high knee clearance for a minimum 8 inches of depth underneath the front edge (excluding overflow) and 17 inches deep toe clearance; and (iii) have lever-type faucet controls and insulated pipes. | See design / permitting / procurement / construction schedule described above |
| c. In each guestroom bathroom, the Hotel will modify water closet tanks where needed so that the flush valve is located on the open side of the tank. | See design / permitting / procurement / construction schedule described above |
| d. In each guestroom bathroom, the Hotel will relocate towel and amenities shelves, artwork, and mirrors so as to not obstruct water closet grab bars; specifically, so that a minimum of 12 inches of clear space is provided above the grab bars and a minimum of 1.5 inches of clear space is provide below the grab bars. | See design / permitting / procurement / construction schedule described above |
| e. In each guestroom bathroom, the Hotel will relocate toilet paper dispensers (where necessary) to be centered horizontally between 7 and 9 inches from the front edge of the water closet and to be centered a minimum 19 inches high vertically above the floor. | See design / permitting / procurement / construction schedule described above |

11

# ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| f. In each guestroom bathroom with a roll-in shower, the Hotel will relocate the controls and handheld shower devices in such showers within 24 inches of the fold-down seat rear wall. | See design / permitting / procurement / construction schedule described above |
| g. In each guestroom bathroom with a tub enclosure, the Hotel will relocate the shower controls beneath the grab bar (towards the outer edge of the tub), and add a handheld shower head with a diverter valve. | See design / permitting / procurement / construction schedule described above |
| h. The Hotel will lower the security latches affixed to guestroom doors to 45 inches (or as close as possible to 45 inches) above the finished floor. The Hotel will do so by re-mounting the security latches so that the bottom edge of the security latch is mounted immediately above the top edge of the existing guestroom door lock mechanism. | 30 days |
| i. The Hotel will ensure that HVAC thermostats in all accessible guestrooms are mounted at a maximum of height of 48 inches to the highest operable mechanism. | See design / permitting / procurement / construction schedule described above |
| j. The Hotel will modify the workstations in accessible guestrooms so that a portion provides accessible knee/toe clearance. | See design / permitting / procurement / construction schedule described above |
| k. The Hotel will add loop pulls to each bed nightstand drawer. | 30 days |
| l. The Hotel will modify or change the desk and bed table lamps to include a rocker or similar toggle switch and an electrical outlet in the base. | 30 days |

C062189/0211654/1488503.6

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| m. The Hotel will relocate the room safes in the armoires to the next higher shelf so as to have the entire unit between 19 and 48 inches above the floor. | 30 days |
| n. The Hotel will remove the chair ottomans from each accessible room. | Immediately |
| o. The Hotel will rearrange furniture in each accessible guestroom to ensure 36 inch paths of travel throughout the room, including at the sides of king beds and between double beds. | 90 days if rearrangement of furniture is required<br><br>6 months if moving wall-mounted beds (and related repair work) is required |
| p. The Hotel will provide lowered peepholes at 42 inches above the finished floor. | See design / permitting / procurement / construction schedule described above |
| q. The Hotel will lower light switches so no operable part is higher than 48 inches above the finished floor. | See design / permitting / procurement / construction schedule described above |
| r. In rooms that do not contain a mirror with a reflecting surface 40 inches above the finished floor or lower, the Hotel will provide such a mirror. | Immediately |
| **13. Conference Center** | |

C062189/0211654/1488503.6

## ATTACHMENT A

| Remediation Measure | Deadline[1] |
|---|---|
| a. The Hotel will provide a portable ramp for the 24" high stage that will be deployed upon request. | Immediately (subject to availability)<br><br>The Hotel will order the ramp within 30 days of entry of the Consent Decree and Order |
| b. The Hotel will provide a cup dispenser at the drinking fountain in the conference center or will replace the fountain with an accessible unit. | 30 days |
| **14. Reservations Policy for Accessible Rooms** | |
| a. The Hotel will implement a policy whereby non-disabled guests are permitted to rent accessible guestrooms, but only when accessible guestrooms are the only guestrooms in the Hotel that remain available. | Immediately |
| **15. Gift Shop Policy** | |
| a. The Hotel will provide signage on the counter in the gift shop indicating that assistance is available upon request for individuals with disabilities. The Hotel also will provide gift shop staff with training in providing such assistance. | Immediately |

C062189/0211654/1488503.6